**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CR-26-035-RAW** |
| | ) | |
| **BRANDON LESLIE MARIE BARRETT,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

This matter came on for pretrial conference on April 23, 2026. The court heard argument as to the defendant's first motion in limine. Primarily at issue are entries in a notebook found in the defendant's car. Upon review, the court will exclude the entries.

In *United States v. Justus,* 162 F.4th 962, 969 (9th Cir.2025), the Ninth Circuit held that the defendant's "state of mind" at the time of the crime is a non-propensity purpose. In that case, however, the evidence (social media posts musing about attacking law enforcement) was much more specific in relation to the crime.

In the case at bar, moreover, the notebook entries are not dated or the handwriting established. The prosecutor stated at the hearing that he "would have to" lay the proper foundation at trial, but did not identify how he would do so.

Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action."  Rule 401 F.R.Evid.

A court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following:  unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Rule 403.

Unfair prejudice means the evidence must "have an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Caraway,* 534 F.3d 1290, 1301 (10th Cir.2008). The court finds the entries, particularly "I will kill all you f*****s" and "I am a murder" [sic] would be unfairly prejudicial, with such prejudice substantially outweighing the probative value of the evidence.

It is the order of the court that the defendant's motion in limine (#26) is granted as to the notebook entries.  Based on counsel's statements at the pretrial conference, the court finds the remainder of the motion moot.

**ORDERED THIS 27th DAY OF APRIL, 2026.**

_____
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**